**United States District Court**
For the Northern District of California

**\*E-FILED 10/19/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD RANDALL,<br><br>        Plaintiff,<br>v.<br><br>MEDTRONIC, INC., ET AL.,<br><br>        Defendants.<br>_____/ | NO. 5:05-cv-3707 JW (RS)<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY UNTIL CONCLUSION OF HEARING ON PENDING MOTIONS** |

## I.  INTRODUCTION

Defendant Medtronic, Inc. ("Medtronic") moves for an order staying all discovery until the presiding judge resolves its pending motion for summary judgment, currently scheduled to be heard on December 12, 2005.  Plaintiff Richard Randall ("Randall") opposes the motion and argues that he needs to complete some discovery to oppose the motion.  He requests, therefore, that the hearing date on the summary judgment motion be continued to January 9, 2006; that he be permitted to file his opposition brief, after limited discovery, on December 12, 2005; and, that the deadline for the parties to meet and confer as

required by Fed. R. Civ. Pro. 26(f) be shortened.[1]  The discovery issues were fully briefed and heard by the Court on shortened time on October 19, 2005.  Based on all papers filed to date, as well as on the oral argument of counsel, the Court grants Medtronic's request to stay discovery until the resolution of the pending motions on December 12, 2005 and, therefore, denies Randall's requests to continue that hearing date and shorten the time for the parties to meet and confer pursuant to Fed. R. Civ. Pro. 26(f).

## II.  BACKGROUND

Randall filed this products liability action after he was forced to undergo surgery to remove and replace a defective Implantable Cardioverter Defibrillator ("ICD") manufactured by Medtronic. Randall contends that Medtronic knew the ICDs it manufactured were defective, but that it concealed the defect from the Food and Drug Administration ("FDA") in order to gain market and sales approval. Once the FDA discovered the defect, Medtronic was forced to recall the ICDs, thereby subjecting Randall to what he alleges was a "complex and risky surgical procedure."  Following his surgery, Randall filed a complaint in state court against both Medtronic and O'Connor Hospital, where his surgery had been performed, advancing claims for strict liability, negligence and breach of implied and express warranties.

Medtronic removed the case to this Court and filed a motion for judgment on the pleadings, as well as a motion for summary judgment.  Both motions were originally noticed for hearing before the presiding judge on October 24, 2005. A week after Medtronic filed its motions, Randall moved to remand the case for absence of diversity as he contends all parties are California residents.  That motion was noticed for hearing on October 31, 2005.  Due to the fact that Medtronic's motions were scheduled to be heard prior to his motion to remand, Randall requested that the presiding judge move the hearing date on Medtronic's motions to January, thereby enlarging his time to respond to the motions and enabling him to engage in what he contends is necessary discovery for purposes of the pending motions.  In response, the presiding judge continued the hearing dates on all three motions to December 12, 2005, and referred Randall's discovery request to this Court for determination.  Thereafter, Medtronic filed its motion for protective

---

[1] Randall also requests that Medtronic's pending motion for judgment on the pleadings be moved to November 28, 2005.  In an order issued on September 28, 2005, however, the presiding judge continued all pending motions to December 12, 2005, thereby mooting this portion of Randall's request.

2

order, requesting that all discovery be stayed in the case until the presiding judge rules on the pending motions, particularly its motion for summary judgment, which Medtronic contends involves only a legal issue of federal preemption, requires no discovery, and is dispositive of Randall's state law claims.

Randall opposes the request to stay discovery and contends that Medtronic is purposely avoiding discovery to conceal its deceptive behavior regarding the manufacture of the ICDs.  Although he has propounded discovery to Medtronic, Randall argues that Medtronic is producing only the documents which it deems relevant to the pending motions, rather than providing all responsive documents. He contends that, in order to oppose the motion for summary judgment filed against him, he needs to obtain evidence reflecting that Medtronic knew, prior to obtaining FDA approval, its ICDs were defective. As a result, he asks that the motion to stay discovery be denied, that the parties be ordered to meet and confer pursuant to Fed. R. Civ. Pro. 26(f) as soon as possible, and that the hearing on the motion for summary judgment be continued to January 9, 2006, making his opposition to that motion due on December 19, 2005.

### III. STANDARDS

Rule 26(d) provides that discovery shall not commence, absent a court order or agreement of the parties, until the parties have conferred regarding a discovery plan, as set forth in subsection (f).  Pursuant to Fed. R. Civ. Pro. 26(f), the parties must meet and confer at least 21 days prior to a scheduling conference.  Although Rule 26 does not refer specifically to a stay of discovery, the Rule does provide that the Court may set whatever limits on discovery it deems appropriate, including constraints on the number and methods of discovery.  Fed. R. Civ. Pro. 26(b)(2).  Discovery may also be limited by the Court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

### IV. DISCUSSION

The basis for Medtronic's request for a protective order is that its summary judgment motion presents only a single issue of law: namely, whether Randall's state law claims are preempted by the Medical Device Amendments ("MDA") to the Food, Drug and Cosmetics Act, 21 U.S.C. § 360k(a). Medtronic argues that such issue requires the presiding judge to review applicable caselaw and interpret the statute and contends that no factual issues are presented by the motion. As a result, no discovery,

Medtronic claims, is necessary and the case can be streamlined by resolving all issues of law in the action as soon as possible. Medtronic also notes that Randall has moved to remand this action to state court and correctly points out that, if that motion is granted, no discovery need occur before this Court.

Randall responds that discovery is necessary to show Medtronic knew it was selling a defective product but, nonetheless, concealed the defect from everyone, including the general public, physicians, and the FDA, to protect its reputation and corporate profits. The Supreme Court, in Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341, 343 (2001), held that claims for fraud on the FDA are preempted. It did not extend that holding to claims based on misrepresentations to the general public. Id.; see also, Gilleon v. Medtronic, Inc., 2002 WL 31300694, *6 (N.D. Cal. 2002). In this instance, however, Randall has not pled a claim for misrepresentation or fraud. Rather, his complaint seeks relief against Medtronic for strict liability, negligence, and breach of express and implied warranties. Randall fails to establish any link between the question of preemption of these claims and his purported need for discovery. Similarly, he does not explain how discovery would be necessary either to establish any jurisdictional issues raised in his own motion to remand or to oppose Medtronic's alternate motion for judgment on the pleadings.

Although Randall claims that the declarations submitted by Medtronic in support of the motion for summary judgment raise factual issues entitling him to discovery, it appears that the declarations simply set forth the chain of events surrounding the FDA approval process. While Randall may disagree with certain recitations contained in those declarations, he has failed to establish how or why any alleged discrepancies are relevant to the legal issue of preemption presented in the pending motion for summary judgment. Rather, the discovery identified by Randall relates solely to alleged misrepresentations by Medtronic which, even if true, fails to address the legal issue of whether or not his state law claims are preempted. United Investor Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 964 (9th Cir. 2004) (preemption presents substantive legal question).

At oral argument, Randall's counsel presented the further argument that the federal and state approval requirements for the ICDs are, in this instance, identical and, therefore, operate to defeat preemption. What remains missing, however, is any demonstration of how discovery is needed to cast light on that issue of law. Accordingly, considerations of both judicial economy and the financial interests of the

4

parties favor a stay of discovery in this action until the presiding judge determines the motions scheduled for hearing on December 12, 2005.

## V.  CONCLUSION

For the reasons stated above, the motion to stay discovery in this action is granted.  The parties need not meet and confer to discuss a discovery plan until the presiding judge has ruled on the motions presently set to be heard on December 12, 2005.

IT IS SO ORDERED.

Dated: 10/19/05            /s/ Richard Seeborg
                                                   RICHARD SEEBORG
                                                   United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Brian J. Devine     bdevine@seegersalvas.com, kseeger@seegersalvas.com

Alan D. Hamilton     ahamilto@skadden.com,

Raoul D. Kennedy     rkennedy@skadden.com, pleider@skadden.com

Cyrus A. Tabari     ctabari@smtlaw.com, jnicholls@smtlaw.com

**Dated: 10/19/05**                                      **Chambers of Judge Richard Seeborg**

                                                         **By:     /s/ BAK**