1 | RAOUL D. KENNEDY (Bar No. 40892)
ALAN D. HAMILTON (Bar No. 95013)
2 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
3 | San Francisco, California 94111-4144
Telephone: (415) 984-6400
4 | Facsimile: (415) 984-2698

**FILED**

**NOV – 3 2005**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

5 | Of Counsel:
LORI G. COHEN
6 | GREENBERG TRAURIG, LLP
3290 Northside Parkway, NW, Suite 600
7 | Atlanta, GA 30327
Telephone: (678) 553-2385
8 | Facsimile: (678) 553-2386

9 | Attorneys for Defendant
MEDTRONIC, INC.

RECEIVED

OCT 27 2005

RICHARD W. ....
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

10

11

12 |                 UNITED STATES DISTRICT COURT

13 |        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14

15 | RICHARD RANDALL,                    )  Case No. C-05-3707-JW

16 |                     Plaintiff,       )
                                          )  **(1) STIPULATION TO**
17 |          v.                          )  **CONFIDENTIALITY PROTECTIVE**
                                          )  **ORDER; and**
18 | MEDTRONIC, INC., et al.,            )
                                          )  **(2) ORDER THEREON**
19 |                     Defendants.       )  *AS MODIFIED BY THE COURT*
     _____    )

20

21

22 |        IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action,

23 | Plaintiff RICHARD RANDALL ("Plaintiff"), Defendant MEDTRONIC, INC. ("Medtronic"), and

24 | Defendant O'CONNOR HOSPITAL (the "Hospital"), through their undersigned counsel, that the

25 | Court may and should enter a Confidentiality Protective Order in this action, with provisions as

26 | follows:

27 |        1.        All materials and copies, transcriptions, or other reproductions of materials pro-

28 | duced in this action pursuant to the discovery provisions of the Federal Rules of Civil Procedure,

ORIGINAL

1  by order of this Court, or otherwise (hereinafter "The Materials"), and which contain, describe,

2  identify or refer to information of a confidential or proprietary nature, shall be stamped "CONFI-

3  DENTIAL" by the producing party and shall be subject to the provisions of this Stipulation and

4  the Court's Order thereon.

5       2.    Counsel for a party to this action may challenge the "CONFIDENTIAL" designa-

6  tion made by the producing party of any of The Materials by first requesting a "meet and confer"

7  with the producing party in an attempt to amicably resolve the challenge. In the event agreement

8  cannot be reached, the challenging party may make written application to this Court, which appli-

9  cation shall describe with specificity the particular materials for which the designation is being

10  challenged and set forth with specificity any and all grounds for the challenge, it being agreed that

11  the party seeking to maintain The Materials as "CONFIDENTIAL" generally will bear the burden

12  of proof as to such designation. The Materials designated "CONFIDENTIAL" shall continue to

13  be treated as such and subject to the provisions of this Stipulation and the Court's Order thereon

14  pending determination by the Court of the merits of any such a challenge.

15       3.    The Materials designated "CONFIDENTIAL" shall be used for purposes of this

16  action only and for no other action or purpose whatsoever and shall not, without leave of this

17  Court, be disclosed to any person or entity other than this Court (under seal) and the parties to this

18  action, their counsel, and their claims representatives, each of whom shall have executed a copy of

19  this Stipulation prior to receipt of The Materials.[1]

20       4.    The disclosure by counsel for a party to this action of The Materials to paralegals

21  and clerical staff employed by the disclosing counsel's office or to experts retained by the disclos-

22  ing counsel shall not constitute a violation of, or a waiver of, the protections afforded by this Stip-

23  ulation or the Court's Order thereon so long as the person to whom disclosure is made executes an

24  Affidavit in the form attached hereto as Exhibit A. A copy of each executed Affidavit in the form

25  attached hereto as Exhibit A shall be maintained by the pertinent disclosing counsel.

26

27  [1]  By agreeing to all terms of this Agreement, Plaintiff does not waive his right to file an appro-
priate motion to address the issue of "sharing" documents produced with other cases in related liti-

28  gation. Medtronic opposes this concept of sharing, and unless the Court decides any such motion
in favor of Plaintiff, no sharing even in what is deemed related litigation shall be allowed.

-2-

5.     In the event The Materials themselves, or any of their contents designated "CONFI-DENTIAL" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those persons or entities described in paragraphs 3 and 4 above, the deponent shall be required to acknowledge on the record, before any identification, discussion or disclosure of The Materials occurs that he or she has been advised of and has agreed to be bound by the terms of this Stipulation and the Court's Order thereon.

6.     All portions of any deposition transcript taken in this action wherein The Materials themselves, or any of their contents designated "CONFIDENTIAL," are identified, discussed, or disclosed shall also be designated "CONFIDENTIAL" and shall be subject to the terms of this Stipulation and the Court's Order thereon.

7.     In the event that counsel for a party wishes to identify, discuss, or disclose The Materials themselves or any of their contents designated "CONFIDENTIAL" during the course of pre-trial or trial proceedings, he or she shall, prior to each identification, discussion, or disclosure make reference to the confidential nature thereof to the Court and to counsel for the party which produced The Materials; and counsel for the producing party may at that time, or after such identi-fication, discussion, or disclosure, request that The Materials themselves or any of their contents designated "CONFIDENTIAL" be filed under seal with this Court and be subject to the terms of this Stipulation and the Court's Order thereon.

8.     In the event The Materials designated as "CONFIDENTIAL," or transcripts or other things wherein The Materials themselves, or any of their contents designated "CONFIDENTIAL," are identified, discussed, or disclosed, are filed electronically or otherwise, or are lodge or other-wise deposited with the Clerk of this Court, such materials shall be filed, lodged, or deposited in compliance with Civ. L.R. 79-5 of this Court in a sealed envelope or other suitable sealed container, with a cover sheet affixed thereto setting out the information specified in Civ. L.R. 79-5 and prominently displaying the notation "DOCUMENT SUBMITTED UNDER SEAL."

9.     Counsel for a party shall not, in the presence of the jury, comment on the reasons or motivation for designating The Materials as "CONFIDENTIAL" without first having obtained permission of the Court to do so.

-3-

**STIPULATION TO CONFIDENTIALITY PROTECTIVE ORDER; ORDER THEREON**
**Case No. C-05-3707-JW**

10.   This Stipulation and the Court's Order thereon shall be binding throughout and after final adjudication of this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs.

11.   Within thirty (30) days after final adjudication of this action, ~~the Clerk of this Court shall return under seal to counsel for the producing party all materials designated "CONFIDEN-TIAL," including without limitation all transcripts or other things that were subject to the provisions of this Stipulation and the Court's Order thereon, and within thirty (30) days after final adjudication of this action,~~ counsel then having possession, custody, or control of such materials, transcripts, or other things designated "CONFIDENTIAL" shall verify the complete destruction or return to counsel for the producing party of all such materials by executing and mailing to counsel for the producing party an Affidavit in the form attached hereto as Exhibit B.  A copy of each executed Affidavit in the form attached hereto as Exhibit B shall be maintained by counsel for the producing party.

12.   Nothing in this Stipulation or the Court's Order thereon shall be construed to preclude the producing party from seeking additional protection for The Materials or the contents of The Materials designated as "CONFIDENTIAL" or from otherwise seeking a modification of this Stipulation and the Court's Order thereon.

13.   Notwithstanding the date upon which the Court enters the Order on this Stipulation, this Stipulation shall become effective and binding upon each of the parties to this action, and each of their undersigned counsel, on the date each party and each counsel execute same.

14.   Nothing in this Stipulation or the Court's Order thereon shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment or decree of whatever description.

15.   This Stipulation may be executed in one or more counterparts, in which case all executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with this Court.

16.   Each of the parties to this action and each of their undersigned counsel acknowledge that they have executed this Stipulation voluntarily and that the terms and provisions of this Stipu-

-4-

1  lation and the Court's Order thereon have been read and understood by them.

2  Dated: October 21, 2005.                SEEGER SALVAS LLP

3                                          By:_____

4                                               Brian J. Devine
                                               Attorneys for Plaintiff
5                                              RICHARD RANDALL

6  Dated: October ____, 2005.              SHEUERMAN, MARTINI & TABARI
7

8                                          By:_____
                                               Cyrus A. Tabari
9                                              Attorneys for Defendant
                                               O'CONNOR HOSPITAL
10

11 Dated: October ____, 2005.              SKADDEN, ARPS, SLATE, MEAGHER
                                               & FLOM LLP
12

13                                         By:_____
                                               Alan D. Hamilton
14                                             Attorneys for Defendant
                                               MEDTRONIC, INC.
15

16

17                                         **ORDER**

18

19       PURSUANT TO STIPULATION, IT IS SO ORDERED.

20       DATED:  October ___ , 2005.

21

22                                         _____
                                               James Ware
23                                             United States District Judge

24

25

26

27

28

                                          -5-

**STIPULATION TO CONFIDENTIALITY PROTECTIVE ORDER; ORDER THEREON**

1  lation and the Court's Order thereon have been read and understood by them.

2  Dated: October _____, 2005.          SEEGER SALVAS LLP

3

4                                        By:_____
                                              Brian J. Devine
5                                            Attorneys for Plaintiff
                                            RICHARD RANDALL

6
   Dated: October 2 5, 2005.            SHEUERMAN, MARTINI & TABARI
7

8                                        By:_____
                                             Cyrus A. Tabari
9                                           Attorneys for Defendant
                                            O'CONNOR HOSPITAL
10

11 Dated: October 2 6, 2005.            SKADDEN, ARPS, SLATE, MEAGHER
                                           & FLOM LLP
12

13                                       By:_____
                                             Alan D. Hamilton
14                                          Attorneys for Defendant
                                            MEDTRONIC, INC.
15

16

17                                            **ORDER**

18

19     PURSUANT TO STIPULATION, IT IS SO ORDERED.

20     DATED: ~~October~~ November 3 _____ , 2005.

21

22     _____

23                                        James Ware
                                      United States District Judge
24                                     U.S. Magistrate Judge

25

26

27

28

-5-

**EXHIBIT A**

**AFFIDAVIT OF ________________________**

STATE OF ____________________ )
) ss:
COUNTY OF ____________________ )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared ____________________________, who after first being duly sworn, states as follows:

1. My name is ____________________. I am over the age of 18 years and am a resident of ______________ County, ____________________. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I am aware that a Protective Order has been entered in an action entitled Richard Randall v. Medtronic, Inc., *et al.*, United States District Court for the Northern District of California, San Jose Division, Case No. C-05-3707-JW. A copy of that Protective Order has been shown to me, and I have read and understand its contents.

3. By signing this Affidavit, I promise that I will use the materials and contents of the materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

4. By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order with, to, or for any person or entity other than the Court, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Protective Order to attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed an affidavit in the same form as this Affidavit.

5. By signing this Affidavit, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means

1 whatsoever, any materials or the contents of any materials designated "CONFIDENTIAL"
2 pursuant to the above-described Protective Order except to the extent to which I am directed to do
3 so by counsel for a party to the above-described civil action, in which case all such copies,
4 transcriptions, or reproductions shall be made solely for my own use in connection with my work
5 in the above matter.  I further promise at the conclusion of this case to deliver upon request <u>all</u>
6 materials (originals and copies) designated "CONFIDENTIAL" to the counsel who originally
7 directed that said materials be provided to me.

8      6.      I understand that, by signing this agreement, I am agreeing to subject myself to the
9 jurisdiction of this Court.

10     7.      I understand that any use or distribution of the materials or contents of the materials
11 designated "CONFIDENTIAL" pursuant to the above-described Protective Order in any manner
12 contrary to the provisions of the Protective Order will subject me, among other things, to the
13 summary sanctions of this Court for contempt.

14     Further Affiant sayeth not.

15

16 _____
   Signature of Affiant

Subscribed and sworn to before me,
17 this _____ day of _____, 200___.

18

19 _____
20     Notary Public

21

22

23

24

25

26

27

28

---

**STIPULATION TO CONFIDENTIALITY PROTECTIVE ORDER; ORDER THEREON**
**EXHIBIT**
**Case No. C-05-3707-JW**

**EXHIBIT B**

**AFFIDAVIT OF _____**

STATE OF _____ )
                           ) ss:
COUNTY OF _____ )

      Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, Esq., who after first being duly sworn, states as follows:

      1.    My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

      2.    I have requested and received from _____ all of the materials, transcripts, and other things described in the Protective Order that was entered by the Court in the action entitled <u>Richard Randall v. Medtronic, Inc., et al.</u>, United States District Court for the Northern District of California, San Jose Division, Case. No. C-05-3707-JW.  I have either destroyed or attached hereto all of the materials, transcripts, and other things, including those materials that were returned to me by _____, in accordance with the preceding paragraph, described in such Protective Order.

      Further Affiant sayeth not.

                                    _____
                                        Signature of Affiant

Subscribed and sworn to before me,
this ____ day of _____, 200___.


_____
Notary Public

---

**STIPULATION TO CONFIDENTIALITY PROTECTIVE ORDER; ORDER THEREON**
**EXHIBIT**
**Case No. C-05-3707-JW**